**STATE of Maine**

v.

**Brian P. GLYNN.**

Supreme Judicial Court of Maine.

Argued March 9, 1981.

Decided July 23, 1981.

G. Arthur Brennan, Dist. Atty., Pamela Knowles Lawrenson (orally), Asst. Dist. Atty., Alfred, for plaintiff.

Ayer & Hodsdon, Stephen Y. Hodsdon (orally), Gordon C. Ayer, Kennebunk, for defendant.

Before GODFREY, NICHOLS, GLASSMAN,* ROBERTS and CARTER, JJ.

MEMORANDUM DECISION.

The Defendant, Brian P. Glynn, was convicted in Superior Court (York County) of unlawful possession of a scheduled drug, 17–A M.R.S.A. § 1107, at a bottle club in York on June 23, 1979. He appeals from that judgment of conviction, asserting that the Superior Court erred in admitting a police officer's opinion testimony as to the quantity of cocaine in the Defendant's possession being a "useable amount" within the meaning of that statute and that the evidence was insufficient to sustain a conviction because, he contends, the State failed to prove beyond a reasonable doubt that he possessed "a useable amount" of the drug.

Neither argument has merit.

On the facts of this case concerning the experience and qualification of the witness, the admission of his opinion testimony was within the sound judicial discretion of the presiding justice. He did not abuse that discretion.

As to the sufficiency of the evidence, a chemist's certificate stating that "the white powder contains cocaine" was admitted without objection, and, by his answers

* GLASSMAN, J., sat at oral argument and participated in conference but died before the opinion was adopted.

to questions, the arresting officer opined that the quantity of the powder was sufficient to be inserted in one's nose. This case, then, is indistinguishable from *State v. Bonney*, Me., 427 A.2d 467 (1981), decided only a few months ago, in which our Court declared that once consumability of the scheduled drug is demonstrated and the possession of a detectable amount is proved, the factfinder may infer the possession of "a useable amount."

The entry, therefore, will be:

Appeal denied.

Judgment affirmed.

All concurring.